**Lawrence G. SHAW, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 96–496.

United States Court of Veterans Appeals.

May 21, 1997.

Before KRAMER, HOLDAWAY, and STEINBERG, Judges.

### O R D E R

PER CURIAM.

On May 13, 1996, the appellant filed a Notice of Appeal (NOA) from a May 7, 1996, decision of the Board of Veterans' Appeals (Board or BVA) denying an increased rating for post-traumatic chronic brain syndrome, with associated neurotic reaction and vertigo, currently rated 50% disabling.

On April 30, 1997, the parties filed a joint motion for remand, stating the following reasons for the remand: (1) The Board had failed to address the appellant's claim of clear and unmistakable error in October 1945 and October 1947 decisions of a Veterans' Administration (now Department of Veterans Affairs) (VA) regional office; and (2) with respect to the appellant's claim for an increased rating for chronic brain syndrome, the Board has yet to consider the effect of the Secretary's final rule amending that portion of VA's Schedule for Rating Disabilities pertaining to mental disorders, 61 Fed.Reg. 52,695 (Oct. 8, 1996) (to be codified at 38 C.F.R. pt. 4), effective November 7, 1996.

On consideration of the foregoing, it is

ORDERED that the joint motion for remand is granted. The May 7, 1996, BVA decision is VACATED, and the matter is REMANDED, pursuant to 38 U.S.C. § 7252(a), in accordance with the terms of the joint motion and with section 302 of the Veterans' Benefits Improvements Act, Pub.L. No. 103–446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" for claims remanded by BVA or Court). *See Allday v. Brown*, 7 Vet.App. 517, 533–34 (1995). A final decision by the Board on those claims following the remand herein ordered will constitute a new decision which, if adverse, may be appealed to this Court only upon the filing of a new NOA with the Court not later than 120 days after the date on which notice of that new decision is mailed to the appellant. It is further

ORDERED that, pursuant to Rule 41(b) of the Court's Rules of Practice and Procedure, this order is the mandate of the Court as to the remanded matter. Any application authorized by 28 U.S.C. § 2412(d) for attorney fees and expenses based on this remand must be received within 30 days after the date of this order.